1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**RICK ALAN PETROVICH,**

Petitioner,

**v.**

**KELLY SANTORO, Warden,**

Respondent.

Case No. 1:15-cv-01546 MJS (HC)

**ORDER TO SHOW CAUSE WHY MOTION TO STAY PETITION FOR WRIT OF HABEAS CORPUS SHOULD BE GRANTED**

**[Doc. 3]**

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on October 13, 2015. On the same date, Petitioner filed a motion to stay the proceedings. (Mot. to Stay, ECF No. 3.) Petitioner requests the Court stay his petition while he proceeds to attempt to exhaust his state court remedies. Petitioner explains that his attempts to exhaust his state court remedies have culminated in the filing of a petition for writ of habeas corpus with the California Supreme Court on September 30, 2015. (Pet., ECF No. 1 at 3.)

1   **I.      LEGAL STANDARD**

2          The exhaustion of available state remedies is a prerequisite to a federal court's

3   consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy,

4   455 U.S. 509, 102 S.Ct. 1198, 71 L. Ed. 2d 379 (1982); 28 U.S.C. § 2254(b). A petitioner

5   satisfies the exhaustion requirement by providing the highest state court with a full and

6   fair opportunity to consider all claims before presenting them to the federal court. Picard

7   v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Middleton v.

8   Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

9          While a Petitioner is seeking to exhaust his state court remedies, a court may stay

10   a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th

11   Cir. 2002), or Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440

12   (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

13

14   **II.     ANALYSIS**

15          Petitioner states in the motion that he filed a petition for writ of habeas corpus with

16   the California Supreme Court on September 30, 2015, and is awaiting a response.

17   However, the California Supreme Court website reflects that the petition was denied on

18   January 20, 2015. Thus, it appears Petitioner's state claims are exhausted, the motion to

19   stay the present petition is moot and that this Court can proceed to review the merits of

20   the petition. Accordingly, Petitioner is ordered to show cause why the motion to stay

21   should be granted in light of the ruling on his state court petition for writ of habeas

22   corpus. The response should include relevant copies of the state court petitions and the

23   order denying the petition filed with the California Supreme Court.

24

25   **III.    CONCLUSION AND ORDER**

26          Accordingly, it is ORDERED that Petitioner is to show cause why his motion to

27   stay the petition (ECF No. 3) should not be denied as moot. Petitioner must file a

28   response to this order to show cause, including the relevant state court petitions and

1    orders thereon within thirty (30) days of the date of issuance of this order.

2         Petitioner is forewarned that failure to comply with this Order may result the

3    dismissal of the petition. See Local Rule 110.

4

5    IT IS SO ORDERED.

6    Dated:   February 1, 2016                    /s/ *Michael J. Seng*

7                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28