IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICK ALAN PETROVICH,**<br><br>Petitioner,<br><br>v.<br><br>**KELLY SANTORO, Warden,**<br><br>Respondent. | 1:15-cv-01546 MJS HC<br><br>**ORDER GRANTING MOTION TO WITHDRAW MOTION TO STAY**<br><br>**(Docs. 3, 10)**<br><br>**ORDER REQUIRING RESPONDENT TO FILE RESPONSE, ORDER SETTING BRIEFING SCHEDULE, ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS ON ATTORNEY GENERAL** |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the petition on October 13, 2015. Concurrently with the petition, he filed a request to stay the petition, noting that his state petition for writ of habeas corpus was still pending at the time. (ECF No. 3.) On February 2, 2016, the Court ordered Petitioner to show whether a stay was still required, since his state petition had been decided. On March 11, 2016, Petitioner responded, and moved to withdraw the motion to stay. The motion to withdraw the motion to stay is GRANTED.

The Court has conducted a preliminary review of the petition. It is not clear from the face of the Petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule

16 of the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS:

1. Respondent SHALL FILE a RESPONSE to the Petition[2] within **SIXTY (60) days** of the date of service of this order. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response). A Response can be made by filing one of the following:

   A. AN ANSWER addressing the merits of the Petition. Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. See Rule 5, Rules Governing Section 2254 Cases. In the event Respondent asserts in the ANSWER that Petitioner has *procedurally defaulted* a claim, Respondent must also address the merits of the claim asserted. Copies of all transcripts and documents shall be filed electronically, unless not possible. See Local Rule 190(f).

   B. A MOTION TO DISMISS the Petition. A Motion to Dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings. See Rule 5, Rules Governing Section 2254 Cases.[3] Copies of state court filings shall be filed electronically, unless not possible. See

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed.R.Civ.P. 81(a)(4). Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, Rules Governing Section 2254 Cases.

[2] Respondent is advised that a scanned copy of the Petition is available in the Court's electronic case filing system ("CM/ECF").

[3] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer or *other pleading . . . or to take other action the judge may order*." Rule 4, Rules Governing Section 2254 Cases (emphasis added); see also Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); White v. Lewis, 874 F.2d 599, 60203 (9th Cir. 1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

|   |   |   |
|---|---|---|
| 1 |   | Local Rule 190(f). |
| 2 | 2. | If Respondent files an Answer to the Petition, Petitioner MAY FILE a Traverse within **THIRTY (30) days** of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the thirty days. |
| 6 | 3. | If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **TWENTY-ONE (21) days** of the date Respondent's Motion is filed with the Court. If no Opposition is filed, the Motion toDismiss is deemed submitted at the expiration of the thirty days. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **SEVEN (7) days** after the opposition is served. |
| 12 | 4. | Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court within **THIRTY (30)** days a Consent/Decline form indicating whether the party consents or declines to consent to the jurisdiction of the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1). |
| 16 | 5. | The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his representative. |
| 18 | 6. | Petitioner's motion to withdraw the motion to stay is GRANTED. (Docs. 3, 10) |

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated:   April 13, 2016                               /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE