UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICK ALAN PETROVICH,

Petitioner,

v.

KELLY SANTORO,

Respondent.

Case No. 1:15-cv-01546-JDP

ORDER DENYING PETITIONER'S MOTION
FOR APPOINTMENT OF COUNSEL

ECF No. 1 at 17

Petitioner Rick Alan Petrovich is a state prisoner proceeding without counsel on a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A request for appointment of counsel

was filed with the petition initiating this case.[1] ECF No. 1 at 17. In support of his request,

petitioner submits that he is indigent and unable to afford counsel. *Id.*

A petitioner in a habeas proceeding does not have an absolute right to counsel. *See*

*Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958) ("The Sixth Amendment has no

application here . . . ."). There are three specific circumstances where appointment of counsel is

required in habeas proceedings. First, appointment of counsel is required for an indigent person

seeking to vacate or set aside a death sentence in post-conviction proceedings under 28 U.S.C §§

---

[1] The motion has been pending for far too long (over three years). It appears this was due to a
filing error. The motion should have been filed separately from the petition at the time the case
was initiated but was, instead, filed as page 17 of the initial filing in docket number one.

1

2254 or 2255. *See* 18 U.S.C. § 3599(a)(2). Second, appointment of counsel may be required if an evidentiary hearing is warranted. *See* Rules Governing Section 2254 and 2255 Cases 8(c). Third, appointment of counsel may be necessary for effective discovery. *See* Rules Governing Section 2254 and 2255 Cases 6(a). None of these situations is present here.

This court is further authorized to appoint counsel for an indigent petitioner in a habeas corpus proceeding if the court determines that the interests of justice require the assistance of counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). However, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. In assessing whether to appoint counsel, the court evaluates the petitioner's likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se, considering the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The court cannot conclude at this point that counsel is necessary to prevent a due process violation. The legal issues currently involved are not exceptionally complicated and petitioner has not demonstrated a likelihood of success on the merits. Accordingly, the court finds that appointed counsel is not necessary to guard against a due process violation and that the interests of justice do not require the appointment of counsel at this time.

Accordingly, petitioner's motion for the appointment of counsel, ECF No. 1, is denied.

IT IS SO ORDERED.

Dated:     October 23, 2018     _____
                               UNITED STATES MAGISTRATE JUDGE